# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

FLORENCE LAMOREUX, )
)
    Plaintiff )
)
v. ) **Case No.:**
)
ENHANCED RECOVERY ) **COMPLAINT AND DEMAND FOR**
COMPANY, LLC, ) **JURY TRIAL**
)
    Defendant ) **(Unlawful Debt Collection Practices)**

## COMPLAINT

FLORENCE LAMOREUX ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RECOVERY COMPANY, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Luzerne, Pennsylvania 18709.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a national debt collection company with its corporate headquarters located at 8014 Bayberry Road, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt of another person.

11. Upon information and belief, the alleged debt at issue, a DirectTV account, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning before May 2011, and continuing through March 2012, Defendant contacted Plaintiff on her home telephone on a continuous and repetitive basis in its attempts to collect a debt of another person.

13. Plaintiff does not owe the debt that Defendant was attempting to collect.

14. Plaintiff regularly received collection calls from: (800) 278-2420, which the undersigned has confirmed is a telephone number belonging to Defendant.

15. During the relevant period, Defendant called Plaintiff, on average, two (2) times a day in its attempt to collect this debt.

16. Defendant told Plaintiff that it was looking for a "Faith Lamorette."

17. Plaintiff told Defendant that she was not "Faith Lamorette," that she did not know anyone by that name, and that no one by the name "Faith Lamorette" lived at the number it was calling.

18. Defendant told Plaintiff that her telephone number would be removed from its call list.

19. Defendant did not remove the number as promised.

20. Defendant continued to contact Plaintiff on a continuous and repetitive basis in its attempt to collect a debt owed by "Faith Lamorette."

21. Plaintiff regularly answered Defendant's collection calls, each time telling the collector that he/she was calling the wrong person and to stop calling.

22. Defendant continued to call Plaintiff.

23. Upon information and belief, Defendant called on a repetitive and continuous basis with the intent of harassing Plaintiff regarding a debt that she did not owe.

24. Additionally, during the summer of 2011, Defendant's collection calls to Plaintiff became extremely harassing, annoying and abusive, coming at a time when Plaintiff's husband was hospitalized with a terminal illness.

25. During this period, Defendant made approximately two collection calls per day.

26. Plaintiff did everything she could to stop the calls, including advising the collector(s) about her husband's illness.

27. Defendant continued to call, causing Plaintiff extreme mental anguish and emotional distress at one of the worst times of her life.

28. Defendant's continuous and repetitive collection calls to Plaintiff, while she was enduring the grief associated with her husband's death, were inexcusable entirely lacking in compassion.

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

29. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692b(3).

    a. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b. Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt.

## COUNT II

30. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Section 1692d(5) of the FDCPA prohibits debt collectors from

causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff multiple times a day and on numerous days a week.

## COUNT III

31.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    a.    Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including repeatedly contacting Plaintiff regarding the debt of another person, despite her repeated requests to stop calling her, as well as deceptively claiming that it would remove her telephone number from its call list when Defendant had no intention of removing the phone number and/or did not do so.

## DEFENDANT INVADED PLAINTIFF'S PRIVACY
## INTRUSTION UPON SECLUSION

## COUNT IV

32. Defendant's conduct, detailed in the preceding paragraphs, invaded Plaintiff's privacy by intruding upon her seclusion.

   a. By repeatedly calling Plaintiff, intentionally harassing Plaintiff, contacting Plaintiff after being told to stop, and calling Plaintiff while she was coping with her husband's death; Defendant intentionally intruded upon the solitude or seclusion of Plaintiff's private affairs.

   b. Defendant's intrusion was highly offensive to a reasonable person.

   c. Defendant's intrusion was intentional or committed with reckless disregard to Plaintiff's rights.

   d. Defendant's conduct directed towards Plaintiff would cause mental suffering, shame or humiliation to any person of ordinary sensibilities.

   e. Plaintiff did in fact take serious offense to Defendant's conduct, resulting in extreme embarrassment, shame and humiliation.

  f. Plaintiff has suffered and continues to suffer damages as a direct and proximate result of Defendant's unlawful conduct complained of herein.

WHEREFORE, Plaintiff, FLORENCE LAMOREUX, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

  d. General damages and punitive damages for Defendant's intrusion upon Plaintiff's seclusion in an amount to be determined at trial but not in excess of $150,000; and

  e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, FLORENCE LAMOREUX demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 05/02/2012  KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
　Craig Thor Kimmel
　Attorney ID # 57100
　Kimmel & Silverman, P.C.
　30 E. Butler Pike
　Ambler, PA 19002
　Phone: (215) 540-8888
　Fax: (877) 788-2864
　Email: kimmel@creditlaw.com